United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                          Case No. 12-16813-elf
Bernard X. Shumbusho                                            Chapter 13
       Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-2          User: admin              Page 1 of 2              Date Rcvd: Oct 27, 2017
                              Form ID: 3180W           Total Noticed: 16


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 29, 2017.
db             +Bernard X. Shumbusho,    6560 Market Street,    Philadelphia, PA 19082-3326
12954462       +Deutsche Bank Trust Company Americas, as Trustee,    c/o Kimberly A. Bonner, Esq.,
                 Zucker, Goldberg & Ackerman, LLC,    200 Sheffield Street, Suite 101,
                 Mountainside, NJ 07092-2315
12813651       +Philadelphia Federal Credit Union,    12800 Townsend Road,    Philadelphia, PA 19154-1095
12875488       +The Bank of New York Mellon, et al,    c/o Prober & Raphael, A Law Corp.,    P.O. Box 4365,
                 Woodland Hills, CA 91365-4365
13909335       +U.S. Bank NA, successor trustee to Bank,    Serviced by Select Portfolio Servicing,,
                 3217 S. Decker Lake Dr.,    Salt Lake City, UT 84119-3284
12816069       +Upper Darby Township,    Municipal Building,    Room 102, 100 Garrett Rd.,
                 Upper Darby, PA 19082-3135

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcy@phila.gov Oct 28 2017 01:27:10      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Oct 28 2017 01:27:06      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12824567        EDI: AIS.COM Oct 28 2017 01:23:00     American InfoSource LP as agent for,
                 Midland Funding LLC,    PO Box 268941,    Oklahoma City, OK   73126-8941
12835544       +EDI: TSYS2.COM Oct 28 2017 01:23:00     Department Stores National Bank/Macys,
                 Bankruptcy Processing,    Po Box 8053,    Mason, OH 45040-8053
12931187        EDI: ECMC.COM Oct 28 2017 01:23:00     ECMC,   PO BOX 16408,    ST.PAUL, MN 55116-0408
12951729        EDI: BL-CREDIGY.COM Oct 28 2017 01:23:00     Main Street Acquisition Corp., assignee,
                 of CHASE BANK USA, N. A.,    c o Becket and Lee LLP,    POB 3001,    Malvern, PA 19355-0701
12927785        EDI: PRA.COM Oct 28 2017 01:23:00     Portfolio Recovery Associates, LLC,    PO Box 41067,
                 Norfolk VA 23541
12815174        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Oct 28 2017 01:26:32
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg PA 17128-0946
12817379        EDI: WFFC.COM Oct 28 2017 01:23:00     Wells Fargo Bank NA,    PO Box 10438,
                 Des Moines IA    50306-0438
12817944        EDI: IRS.COM Oct 28 2017 01:23:00     internal revenue service,
                 centralized insolvency operation,    p.o. box 7346,   philadelphia, pa 19101-7346
                                                                                                TOTAL: 10

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
smg*            Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA   17128-0946
                                                                                TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 29, 2017                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 26, 2017 at the address(es) listed below:
              BRIAN E. CAINE    on behalf of Creditor    U.S. Bank, NA, et al bcaine@parkermccay.com,
               BKcourtnotices@parkermccay.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    JPMORGAN CHASE BANK, NA bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              KARINA VELTER    on behalf of Creditor   Deutsche Bank Trust Company Americas amps@manleydeas.com
              KIMBERLY A. BONNER    on behalf of Creditor    WELLS FARGO BANK, N.A. amps@manleydeas.com
              KIMBERLY A. BONNER    on behalf of Creditor    Deutsche Bank Trust Company Americas, As Trustee for
               RALI 2006-QS18 amps@manleydeas.com
```

```
District/off: 0313-2          User: admin              Page 2 of 2              Date Rcvd: Oct 27, 2017
                              Form ID: 3180W           Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          KIMBERLY A. BONNER    on behalf of Creditor    Deutsche Bank Trust Company Americas amps@manleydeas.com
          KIMBERLY A. BONNER    on behalf of Creditor    Deutsche Bank Trust Company Americas, as Trustee for RALI 2006-QS16 amps@manleydeas.com
          KIMBERLY A. BONNER    on behalf of Creditor    US Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Acceptance Corp.,CSMC Mortgage-Backed Certificates, Series 2006-8 amps@manleydeas.com
          MATTEO SAMUEL WEINER    on behalf of Creditor    U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMAL bkgroup@kmllawgroup.com
          MICHAEL A. CATALDO2    on behalf of Debtor Bernard X. Shumbusho ecf@ccpclaw.com, igotnotices@ccpclaw.com
          MICHAEL A. CIBIK2    on behalf of Debtor Bernard X. Shumbusho ecf@ccpclaw.com, igotnotices@ccpclaw.com
          THOMAS I. PULEO    on behalf of Creditor    U.S. Bank, NA, et al tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
          TOTAL: 14

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Bernard X. Shumbusho** | Social Security number or ITIN  xxx–xx–7934 |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **12–16813–elf** | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Bernard X. Shumbusho

10/26/17      **By the court:**      Eric L. Frank
                                     United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**